## 39521. SMITH v. UNITED CONSTRUCTION WORKERS, etc., et al.

DECIDED MAY 17, 1962.

*Wilson, Branch & Barwick, Robert Thompson, Thomas S. Bentley, Lokey & Bowden, Hamilton Lokey, Glen Frick, Jones, Sparks, Benton & Cork, Frank Jones,* for plaintiff in error.

*Nall, Miller, Cadenhead & Dennis, A. David Kahn, James W. Dorsey, Martin, Snow, Grant & Napier, Cubbedge Snow,* contra.

NICHOLS, Presiding Judge. ■ The first question to be dealt with is whether the person served as an "official member" of District 50, United Mine Workers of America, was a person authorized by the act of 1959 (Ga. L. 1959, p. 44; *Code Ann.* § 3-117 et seq.), to receive service for such defendant. The person served was a member of such union and was an employee of such union (field representative), being appointed by the president of the union, and under the supervision of a regional director, also appointed by the president, worked as an organizer, took applications for membership, serviced local unions, handled grievances and helped local unions negotiate contracts.

In Claycraft Co. v. United Mine Workers, 204 F2d 600, it was held that a regional director with duties similar to those of the person upon whom service of process was served was an agent upon whom service of process could be perfected so as to bind the international union. Certainly, if such a person is an agent upon whom service may be perfected he is, under the act of 1959, supra, a member who would be classified as an "official member" of such union. Accordingly, as to District 50, United Mine Workers of America, the judgment sustaining the traverse must be reversed.

■ No question is presented for decision as to whether District 50, United Mine Workers of America, is a successor organization to United Construction Workers, District 50, United Mine Workers of America, or successor to an organization that was, at the time the injuries were inflicted upon the plaintiff's husband, an arm or division of the United Mine Workers of America. The sole question is whether, at the time of service, the person served was an "official member" of such organizations. Under the undisputed evidence at the time of service the person served was not a member of the United Mine Workers of America, and the United Construction Workers, District 50, United Mine Workers of America had ceased to exist prior to the time such service was perfected. As to these two organizations the attacks on the service of process were properly sustained, there being no showing that any of the organizations had, at the time of service, any connection with the others that would authorize service upon them by serving an "official member" of Dis-

trict 50, United Mine Workers of America. See Section 3 of the act of 1959, supra (*Code Ann.* § 3-119).

The cases of Claycraft Co. v. United Mine Workers, 204 F2d 600, supra, and United Mine Workers v. Meadow Creek Coal Co., 263 F2d 52, do not authorize or require a different decision as to these defendants inasmuch as the evidence in those cases discloses that at the time those cases were tried District 50, United Mine Workers of America, was not a separate and distinct organization but a mere branch or local of the United Mine Workers of America operating under it and without any constitution of its own. The record here discloses without contradiction that District 50, United Mine Workers of America, has its own constitution and is an autonomous organization according to such constitution.

*Judgment affirmed in part; reversed in part. Frankum and Jordan, JJ., concur.*