## 44727. AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO v. ROWE.

HALL, Judge.  The plaintiff filed suit in Richmond County for an alleged breach of contract of employment dated December 1963, wherein "the plaintiff promised to cease his previously active employment with the defendant and to voluntarily accept defendant's offer of early retirement and accompanying benefits for a period to run until the plaintiff reached the defendant's established mandatory retirement age of 65" (March 1970).  Service was obtained under *Code Ann.* § 3-119 upon two officers of Local No. 177, an affiliate of the defendant in Richmond County.  Service was also attempted under *Code Ann.* § 24-113 et seq., the Georgia "long arm statute" by the U. S. Marshal leaving a copy of the complaint at defendant's office in Washington, D. C.; however, if valid service was obtained under *Code Ann.* § 3-119 the use of any other method of service is immaterial.  The defendant's answer generally denied the allegations set forth in the complaint and further stated the name of an agent in Atlanta that it contended was the proper person to accept service for the defendant in the State.  By affirmative defense, the defendant set up the Statute of Frauds on the ground that the alleged contract was not in writing.  The trial court overruled defendant's motions to dismiss or in the alternative for a summary judgment for insufficiency of process, improper venue and upon the ground the contract was within the Statute of Frauds.  Defendant appeals.

1. In the absence of filing with the Secretary of State a designated officer or agent upon whom service may be had, an unincorporated organization or association may be served by serving any officer or official member of, any branch or local of the organization or association.  *Code Ann.* § 3-119.  There being no showing that the defendant made any filing with the Secretary of State and it being undisputed that Local No. 177 was affiliated with the defendant at the time of service, the trial court did not err in overruling defendant's motion to dismiss for insufficiency of service.

2. The objection to venue is without merit for the same reason.  Actions against unincorporated organizations or associations "may be maintained in any county where such organization or association does business or has in existence a branch or local organization."  *Code Ann.* § 3-120.

3. On the question of the Statute of Frauds, it cannot be said beyond doubt that the plaintiff will be unable to prove sufficient part performance to take the alleged contract outside its operation. *Code* § 20-402 (3). *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (163 SE2d 327); *Vaughn v. McDaniel*, 118 Ga. App. 408 (163 SE2d 844).

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*
ARGUED SEPTEMBER 9, 1969—DECIDED FEBRUARY 4, 1970.

*Adair, Goldthwaite, Stanford & Daniel, J. R. Goldthwaite, Jr., Patrick M. Scanlon,* for appellant.
*Harris, Chance & McCracken, Albert M. Pickett,* for appellee.