### 54251. SHEET METAL WORKERS INTERNATIONAL ASSOCIATION v. CARTER.

Sмітн, Judge.

The facts of this case, basically involving Carter's suit against the appellant union for conspiring to deprive him of his means of livelihood, are more fully reported in a previous opinion on an interlocutory appeal. *Sheet Metal Workers Internat. Assn. v. Carter,* 133 Ga. App. 872 (212 SE2d 645). After jury trial on the issue of damages, verdict and judgment were rendered against the

appellant, Sheet Metal Workers International Association. This appeal contends that the action against the appellant was preempted by federal law, that the appellant was not properly served, that default against the appellant on the issue of liability should have been opened, that the case against the appellant should have been dismissed, that failure of the court to enter a pre-trial order was harmful error, that the evidence did not support the damage verdict, and that numerous evidentiary rulings at the damage trial were erroneous, and finally that the charge to the jury was erroneous. Finding no harmful error, we affirm.

The facts as reported in the previous case should be supplemented by noting that the suit against the local union was voluntarily dismissed shortly before trial. This left only the suit against the appellant who had been declared in default. Thus, the trial concerned only the amount of damages to be awarded.

1. The appellant's contentions that this action was preempted by federal law were fully — and adversely — answered on interlocutory appeal. *Sheet Metal Workers Internat. Assn. v. Carter,* 133 Ga. App. 872, supra; cert. den., 423 U. S. 909 (96 SC 212, 46 LE2d 138).

2. Service of process against appellant is governed by Ga. L. 1959, pp. 44, 45 (Code Ann. § 3-119), which provides that process may be served "upon any officer, or official member of such organization or association or upon any officer, or official member of any branch or local of such organization or association, provided that any such organization or association may file with the Secretary of State a designated officer or agent upon whom service shall be had and his residence address within the State, and if such designation is so made and filed, service of process shall be had only on the officer or agent so designated if he can be found within the State." Service here was made upon an individual member of the local union who held no office or position of special responsibility within the union. The question is whether this individual is an "official member" within the meaning of this statute, and we hold that he is. It is true that other cases which have dealt with this statute have involved service upon members of the local who occupied a

higher position in the union organization than the rank and file member. E.g., *Smith v. United Construction Workers,* 106 Ga. App. 87 (126 SE2d 307); *American Federation of State, County & Municipal Employees, AFL-CIO v. Rowe,* 121 Ga. App. 99 (172 SE2d 866). However, they did not require an answer to the question presented here. If the statute were construed to mean that only officers of the union or the local could be served, then the language of the statute would twice contain a useless redundancy; there would be no need to state "officer, or official member." The only meaning this statute can logically have is that service may be had upon an officer, or upon a member who is listed on the official rolls of the union.

The appellant's observation that such a construction would open associations to the possibility of fraudulent service — where one member would sue the organization and have service made upon a cooperative, sympathetic member who would then fail to relay the process — was apparently anticipated when the legislature provided that such associations could designate an exclusive agent for service of process by filing the agent's name with the Secretary of State. If the statute still leaves open the possibility of abuse, the problem is legislative, and it is not the province of this court, through construction or interpretation, to skirt the plain meaning of this statute.

There was no showing that the appellant had designated an exclusive agent for service of process; hence, it was not error for the trial court to conclude that service upon a member of the local was proper. *American Federation of State, County, & Municipal Employees, AFL-CIO v. Rowe,* supra.

3. The appellant's contention that the trial court erred in refusing its motion to open default is without merit. Whether a default shall be opened is within the discretion of the trial court. Although the court must exercise whatever discretion it has (*American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 202 (170 SE2d 249)), where the record shows the court has considered the motion and has exercised its discretion in the matter, this court will not interfere absent a showing of abuse. *Matuszczak v. Kelly,* 135 Ga. App. 577 (218 SE2d 292). The trial court's

determination in this case that there was neither providential cause, excusable neglect, nor an otherwise proper case as shown by all the facts (*Houston v. Lowe's of Savannah, Inc.*, 235 Ga. 201 (219 SE2d 115)) was not an abuse of discretion.

4. Following the plaintiff/appellee's voluntary dismissal of the local, the appellant moved for dismissal of the case against itself on the grounds that the action was framed as a conspiracy and both the local and the appellant were essential parties to the action, and, for the action to proceed, both must be before the court pursuant to the compulsive joinder rules of CPA § 119 (Code Ann. § 81A-119). The trial court did not err in denying the motion. The gist of a conspiracy action is not the conspiracy itself but the tort which was caused by acts done pursuant to the formed conspiracy. *Shelton v. Bowman Transportation, Inc.*, 140 Ga. App. 248 (230 SE2d 762). The conspirators, therefore, are simply joint tortfeasors. *Woodruff v. Hughes*, 2 Ga. App. 361 (58 SE 551). And it is well settled that it is not required that all joint tortfeasors be joined together in an action against one, their liability being joint and several. *Freeman v. Low X-Ray Corp.*, 130 Ga. App. 856 (204 SE2d 803).

5. Both parties requested a pre-trial conference, and following the conference the trial court did not enter a pre-trial order. As the trial began, the appellant attempted to have the court adopt an order the appellant had prepared, but the court refused. The appellant now contends the court's failure to enter an order requires reversal.

CPA § 116 (Code Ann. 81A-116) mandates that a pre-trial conference must be followed by a pre-trial order. The mandatory language makes the failure to enter a pre-trial order error (*Malcolm v. Cotton*, 128 Ga. App. 699 (197 SE2d 760)), and the only question remaining is whether the error was harmful. *Smith v. Davis*, 121 Ga. App. 704 (175 SE2d 28). The harmless error doctrine applicable to this rule is not to be extended loosely. *Malcolm v. Cotton*, supra; see especially *Smith v. Davis*, supra, p. 709 (Eberhardt, J., concurring specially). Consequently, it must clearly appear from the record that the failure to enter the order was harmless. We find that it

was harmless error in this case. In a colloquy with counsel at the time appellant moved for acceptance of its version of a pre-trial order, the trial court quoted at length from the case which it said controlled the issues to be tried. Throughout the trial the court applied the holding it had previously quoted. The guidance provided by this oral statement was, in this trial, as effective as a fuller, written pre-trial order would have been. We are not approving the practice of substituting commentary for the required order; however, the manner in which it was done in this case renders the error harmless.

6. The remaining enumerations of error deal with the conduct of the trial. The evidence before the jury was properly admitted; no evidence was wrongfully excluded; and the evidence authorized the verdict. The court's charge to the jury was adjusted to the evidence and fully and fairly stated the applicable principles of law. These enumerations present no grounds for reversal of the judgment.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED JUNE 28, 1977 — DECIDED NOVEMBER 2, 1977 — REHEARING DENIED NOVEMBER 18, 1977 — 

*Jacobs, Jacobs & Davis, Joseph Jacobs, James T. Langford, Lanier, Powell, Cooper & Cooper, Jack L. Cooper, Jr., Mulholland, Hickey & Lyman, Donald W. Fisher,* for appellant.

*Harris, McCracken, Pickett & Jackson, William R. McCracken, Kenneth R. Chance,* for appellee.