## 33247. SHEET METAL WORKERS INTERNATIONAL ASSOCIATION v. CARTER.

UNDERCOFLER, Presiding Justice.

Certiorari was granted to review the decision of the Court of Appeals affirming a jury verdict and judgment for damages against the Sheet Metal Workers International Union following that organization's default in failing to file an answer to the complaint. See *Sheet Metal Workers International Assn. v. Carter,* 144 Ga. App. 48 (240 SE2d 569) (1977). In Division 2, the Court of Appeals construed the meaning of certain words in Code Ann. § 3-119 (Ga. L. 1959, pp. 44, 45) and held that the language permitting service of process upon "any officer or *official member*" of an unincorporated association or organization or of its local branch was properly complied with by service upon "a member who is listed on the

official rolls of the union." (Emphasis supplied.) We hold this interpretation of the words "official member" is too broad to comport with the objectives of proper service and we reverse.

It is uncontested that service was made upon I. B. Holland, a rank and file member of Local 85, a local branch of appellant's union. Holland had never held any official position in Local 85 nor in the Sheet Metal Workers International Union. Following service, some time elapsed before Local 85, whose offices were in Atlanta, received word of the suit filed in Augusta, Richmond County, and the record shows notice to the International, whose offices were in Washington, D. C., was acknowledged 27 days following service on Holland. Appropriate motions to the jurisdiction, challenging service, were hastily filed within the time limit required for answering the complaint, however, counsel for the International in his haste applied federal rules of procedure and failed to file also an answer with the motions challenging service. Local 85 did answer, however, denying all of the essential allegations. Following a hearing on a motion by appellant to open default, the court denied the motion and entered a default judgment against it. On the eve of trial, appellee voluntarily dismissed Local 85 as a party defendant and, at trial, evidence was limited to the issue of damages.

The purpose of service of process is to give adequate notice of a claim against a defendant and to compel him to appear and answer. Code Ann. § 3-119 has been applied twice in recent history by the Court of Appeals in cases challenging service, i.e., *American Federation of State &c. Employees v. Rowe,* 121 Ga. App. 99 (1) (172 SE2d 866) (1970), and in *Smith v. United Constr. Workers,* 106 Ga. App. 87 (1) (126 SE2d 307) (1962). In the former case, service was held proper upon the parent union where service was perfected on two officers of a local branch of that union, and in the latter case, service was held proper on an "official member," a field representative, who had been appointed to his post by the president of the parent union to organize, take applications, service local unions, handle grievances, and help local unions negotiate contracts. These cases applied the term "officers or official

members" to the facts prevailing, however, and did not seek to construe the meaning of "official member." It is significant that the Court of Appeals in these cases did clothe the person served with some official capacity or status in finding service met the requirements of Code Ann. § 3-119. We think this is the proper interpretation of the words, "official member," for purposes of service. See *Smith v. Southern R. Co.,* 132 Ga. 57 (63 SE 801) (1908); *Dowe v. Debus Mfg. Co.,* 49 Ga. App. 412, 413 (2 a) (175 SE 676) (1934), and *Ga. R. &c. Co. v. Head,* 150 Ga. 177, 181 (103 SE 158) (1920), holding that there is a clear distinction between officers, agents and mere employees for purposes of service.

In a labor union, there are many offices occupied by members who are not officers, i.e., shop stewards, district and field representatives, trustees and committee chairmen. All of these positions are official positions and persons serving in them are considered members of the official family. As such, they are most likely to be in communication with and occupy a close relationship to the officers of the union, thereby giving reasonable assurance the officers will receive early notice of service of process if received by a member occupying one of the official positions. This can not be said of every rank and file member who is on the union's official rolls. Therefore, it is much too broad to designate *any* member of an association or organization as an "official member" and an appropriate agent to receive service as set out in Code Ann. § 3-119 if the clear purpose of proper service is to be maintained. This is so notwithstanding the prerogative given to officers of such associations to appoint an exclusive agent for service if they desire. The designation of an exclusive agent is not mandatory under Code Ann. § 3-119. We hold the term "official member" as set out in Code Ann. § 3-119 means a person who is clothed with some official duty or status to perform for the association or organization, other than that imposed upon an officer; a duty or status which is also more than that imposed upon a person solely because he is listed as a member on the official rolls of the association or organization.

*Division 2 of the Court of Appeals opinion is reversed and the judgment is vacated. All the Justices concur,*

*except Marshall, J., who concurs in the judgment only, and Bowles, J., who dissents.*

ARGUED MARCH 13, 1978 — DECIDED APRIL 18, 1978.

*Jacobs, Jacobs & Davis, Joseph Jacobs, James T. Langford, Lanier, Powell, Cooper & Cooper, Jack L. Cooper, Mulholland, Hickey, Lyman, McCormick, Fisher & Hickey, Donald W. Fisher,* for appellant.
*Kenneth R. Chance, William R. McCracken,* for appellee.