A96A0887. GRANGE MUTUAL CASUALTY COMPANY v. LAW et al.
(479 SE2d 357)

RUFFIN, Judge.

Terrell and Vivian Law sued their fire insurance carrier, Grange Mutual Casualty Company ("Grange Mutual"), for, among other damages, $118,000 in policy benefits for fire damage to their home, $59,000 in policy benefits for fire damage to their personal property,

and bad faith damages. Grange Mutual denied liability under the policy, claiming that the Laws intentionally caused the fire. A jury awarded the Laws the entire amount of their claims for damage to their home and personal property and an additional $2,400 as a bad faith penalty. Grange Mutual moved for judgment notwithstanding the verdict ("j.n.o.v.") on the jury's $118,000 award for damages to the home and the bad faith penalty. Grange Mutual appeals from the trial court's denial of its motion. For reasons which follow, we affirm in part and reverse in part.

On appeal from a trial court's denial of a motion for j.n.o.v., we must construe the evidence with every inference and presumption in favor of upholding the verdict. *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996). If we find any evidence to support the jury's verdict, we must affirm the trial court's order. Id.

Viewed in this light, the evidence shows that on October 24, 1991, a fire damaged the Laws' home. When the fire department arrived, all the doors to the home were locked and deadbolted. The firemen knocked down the back door and eventually located a fire burning in an interior wall. The Laws were not home at the time of the fire, and the fire department found no signs of forced entry.

Grange Mutual retained Jack Ward, a private fire investigator, to determine the cause and origin of the fire. Ward testified that he discovered more than one point of origin for the fire and that this was a good indicator that it was an intentionally set fire. Ward further testified that he found irregular burn patterns where a flammable liquid was poured on the stairs and on a closet wall beneath the stairwell. Ward took four samples of the debris in this area, and a forensic chemist who tested the samples testified each contained kerosene. Upon determining that the fire was not caused by faulty wiring or appliances, Ward concluded that the fire was intentionally set and that a flammable liquid was used to start the fire.

After receiving Ward's report, Grange Mutual broadened its investigation to determine whether the Laws had any motive or the opportunity to start the fire. That investigation revealed that at the time of the fire the Laws were experiencing financial problems. Although Terrell Law told Grange Mutual he had $500 in his checking account, the Laws' account statement showed that they had overdrawn their checking account on several occasions and that it was overdrawn by $181.87 at the time of the fire. The investigation also revealed that at the time of the fire the Laws were behind on their mortgage payments, three months behind on one car payment, and one month behind on another car payment.

Evidence concerning opportunity showed that only four people had keys to the house: Terrell Law, his wife, his daughter, and Vivian Law's mother. Frankie Holton, a friend of Vivian Law, testified that

she drove to the house earlier on the day of the fire and observed a man who identified himself as Lamar Faulkner exiting the house. Faulkner told Holton that he had come to see Terrell Law. After a brief conversation, Faulkner reportedly re-entered the house to investigate a noise, and when he came back out and reported that no one was there, Holton left. Terrell Law told an investigator that Faulkner came by the house and picked up a boat, but that he did not have a key to the house.

Grange Mutual's insurance policy insured the house for $118,000, which, according to Grange Mutual's insurance agent, was the full replacement cost of the house. A damage estimate prepared in 1991 estimated fire damage to the house in the amount of $91,030. Although a contractor who testified for the Laws stated that he agreed with the estimate at the time it was prepared, he also stated that at the time of trial it would cost $118,000 or more to repair the damage to the house.

1. Grange Mutual asserts that the trial court erred in denying its motion for j.n.o.v. as to the jury's award for $118,000 in damages to the Laws' home. We disagree.

"The question of damages being one for the jury, a reviewing court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." OCGA § 13-6-4. In this case, the jury heard testimony that the cost to repair the house was $118,000 or more. Accordingly, the jury's award of $118,000 was within the range of damages established by the evidence. See *Tyler v. Bennett*, 215 Ga. App. 87, 88 (1) (449 SE2d 666) (1994). Under these circumstances, Grange Mutual was not entitled to j.n.o.v. as to the dwelling damages.

2. However, the trial court erred in denying Grange Mutual's motion for j.n.o.v. as to the jury's award for bad faith penalties.

To support their claim for bad faith penalties under OCGA § 33-4-6, the Laws had the burden of proving that Grange Mutual's refusal to pay the claim was made in bad faith. *Massachusetts Bay Ins. Co. v. Hall*, 196 Ga. App. 349 (3) (395 SE2d 851) (1990). The jury was not authorized to award the Laws bad faith penalties if Grange Mutual had any reasonable ground to contest the claim and there were disputed questions of fact. " 'Where the question of liability is close and the facts are disputed so that the insurer has reasonable grounds to contest the claim, no penalty should be permitted.' " Id. at 355.

In this case, Grange Mutual presented evidence showing it had reasonable grounds to contest the Laws' claim. The evidence showed the fire was intentionally started from inside the house and that, due to financial problems, the Laws had a motive to start the fire. The evidence also showed that the house was locked at the time of the fire

and that only four family members had keys. Although Lamar Faulkner's ability to enter the house was not explained, his presence only presents a factual issue as to who had an opportunity, along with the Laws, to start the fire.

Accordingly, because there was evidence to support Grange Mutual's defense that the Laws intentionally caused the fire, the trial court erred in failing to grant j.n.o.v. on the claim for a bad faith penalty. Id. at 355-356.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 11, 1996 —
RECONSIDERATION DENIED DECEMBER 4, 1996 —

*Simpson, Gray & Carter, Ralph F. Simpson, Joseph I. Carter*, for appellant.

*Starling & Starling, Donald A. Starling*, for appellees.

