A99A0283. WATKINS & WATKINS, P. C. et al. v. WILLIAMS.
(518 SE2d 704)

JOHNSON, Chief Judge.

Rosa Belle Williams hired John D. Watkins and his law firm, Watkins & Watkins, P. C. (collectively "Watkins") to handle a variety of legal matters from 1971 through 1997. On October 1, 1993, October 8, 1993, and December 1, 1993, Watkins asked Williams to loan him $30,000, most of which he said he needed in order to handle other clients' cases. The loans were not committed to writing, although at trial Watkins admitted borrowing the money. Watkins told Williams he would repay her when the cases were settled and gave her shares of stock in the law firm as collateral. The loans were never repaid.

In 1995, Watkins told Williams she owed him $20,000 for his services. He explained that $12,500 of that amount was for drafting her husband's will and for representing her in a minor car accident for which she was not cited or sued. Watkins told her that $7,500 was for taking her to the bank and to the nursing home to visit her husband.

Williams, who was 74 years old and disabled, paid Watkins the requested fee.

On October 2, 1997, Williams sued Watkins, alleging he charged her excessive attorney fees, violated rules of professional conduct by soliciting loans from her and giving her an ownership interest in the firm, breached a fiduciary duty to her, committed fraud, failed to repay the money he borrowed from her, and kept money he should have forwarded to her. The jury returned a verdict in Williams' favor, awarding her general damages, attorney fees, litigation expenses, and punitive damages. Watkins appeals from the judgment entered on the verdict.

1. The trial court did not err in denying Watkins' motion for directed verdict. Watkins claims the statute of limitation expired on the tort claims and there was no evidence regarding the loans or excessive attorney fees. We disagree.

The only discussion we find in Watkins' brief regarding the statute of limitation says the fraud and legal malpractice actions are barred by two-year statutes of limitation. In Georgia, legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment and, therefore, the applicable statute of limitation is four years. *Riddle v. Driebe*, 153 Ga. App. 276, 279 (265 SE2d 92) (1980). Fraud claims are also subject to four-year statutes of limitation. See *Washburn v. Sardi's Restaurants*, 191 Ga. App. 307, 311 (6) (381 SE2d 750) (1989). Watkins does not argue or show that the claims were more than four years old when the suits were filed. Thus, the evidence did not demand a verdict in his favor on that basis.

Similarly, his claim that there is no evidence regarding the loans or excessive fees is belied by the record. Williams testified as to the circumstances surrounding the loan agreements and the fees she paid for various services. Two attorneys testified that the fees were unreasonable in light of the services Watkins provided. Because the evidence did not demand a particular verdict, Watkins' motion for directed verdict was properly denied. See *Fowler v. Smith*, 230 Ga. App. 817, 819 (1) (b) (498 SE2d 130) (1998).

2. Watkins complains the trial court erred in allowing an attorney to testify regarding the Code of Professional Responsibility when the Code does not establish civil liability or remedies and when there was no evidence of professional negligence. There was no error.

To be admissible, evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. OCGA § 24-2-1. Rules of the State Bar of Georgia, while not determinative of the standard of care applicable in a legal malpractice case, may be considered along with other facts and circumstances to determine whether an attorney treated his client with the requisite degree

of skill and care. *Allen v. Lefkoff, Duncan &c., P. C.*, 265 Ga. 374, 377 (2) (c) (453 SE2d 719) (1995). In her complaint, Williams alleged, among other things, that Watkins committed professional negligence, fraud and breach of fiduciary duty. In the context presented here, each of these claims is part of a legal malpractice claim. See *McMann v. Mockler*, 233 Ga. App. 279, 280 (1), 281-282 (3) (503 SE2d 894) (1998). And, contrary to Watkins' contention, there was evidence of professional negligence. See, e.g., DR 2-106 (A) (lawyer shall not charge clearly excessive fee); DR 3-103 (lawyer shall not form law partnership with non-lawyer). The State Bar Rules were relevant. See generally *Allen*, supra.

3. Watkins complains that the trial court also erred in allowing an attorney to testify as an expert regarding attorney fees. He seems to argue that the attorney, Thomas Tucker, who had been practicing law for nearly 23 years and served on a bar grievance committee, was not an expert. However, the only objection Watkins made at trial regarding Tucker's testimony was that the State Bar Rules were irrelevant; as discussed above, the Bar Rules were relevant. We will not consider on appeal grounds not presented to the trial court. *Ga. Farm Bureau &c. Co. v. Blackburn*, 223 Ga. App. 423, 424 (480 SE2d 848) (1996).

Watkins' separate but similar enumeration claiming the trial court erred in allowing Tucker to testify as to whether attorney fees and litigation expenses were reasonable was not preserved since Watkins did not object at trial to the testimony. See generally *Joiner v. Lane*, 235 Ga. App. 121, 125 (3) (b) (508 SE2d 203) (1998).

4. In several enumerations, Watkins argues the trial court should not have charged the jury on fraud, punitive damages, conversion, and the Code of Professional Responsibility. However, after charging the jury, the trial court asked Watkins if he had any exceptions to the charge. Watkins replied "[o]nly the exceptions that iterated [sic] at the beginning, Your Honor, when we were going over them." A review of the charge conference transcript, however, shows that Watkins made no exceptions to any of these charges, even though the trial court expressly gave him an opportunity to review and object to Williams' requests. Although Watkins claims he was prevented from objecting, the record shows otherwise. When the trial judge instructed Watkins to sit down, it was in response to Watkins' complaints about not having a copy of Williams' revised requests to charge. The trial judge immediately thereafter secured for Watkins a revised copy and told him to review it and inform the court when he was ready to continue. The trial court then asked Watkins if he had any comments on the requests, to which he responded "[n]o, sir." The trial court continued to entertain both parties' comments as to the remaining charges.

In a civil case, a party may not complain of the giving of a jury instruction unless he objects to it before the jury returns its verdict and distinctly states an objection and the grounds for it. The failure to except before verdict generally is a waiver absent a substantial error blatantly apparent and prejudicial, resulting in a gross miscarriage of justice. *Moody v. Dykes*, 269 Ga. 217, 219 (3) (496 SE2d 907) (1998). There being no such result here, the arguments regarding these charges were waived.

5. Contrary to Watkins' contention, the trial court did not err in failing to strike all portions of Williams' pleadings pertaining to tort claims, punitive damages, attorney fees and the Code of Professional Responsibility. Although in his brief Watkins cites OCGA § 9-11-12 (g), he presumably means OCGA § 9-11-12 (f), which provides that the trial court may order stricken from any pleading redundant, immaterial, impertinent or scandalous matter. A motion to strike an allegation in a complaint is not to be granted unless, construing the pleadings in a light most favorable to the plaintiff, the plaintiff can establish no set of facts that would entitle her to relief against the defendant. *News-Press Publishing Co. v. Kalle*, 173 Ga. App. 411, 412 (2) (326 SE2d 582) (1985). Construing the pleadings in such a light, Williams did show she was entitled to relief against Watkins. Therefore, Watkins was not entitled to have Williams' pleadings stricken.

6. Watkins contends the trial court erred in submitting the issue of punitive damages to the jury and in approving the verdict as to punitive damages. He argues that punitive damages are not allowed in contract cases and the tort actions were barred by the statute of limitation. As discussed in Division 1, he has not shown that the tort claims were barred by the applicable four-year statute of limitation. Punitive damages are allowed in legal malpractice, breach of fiduciary duty and fraud cases. See *Home Ins. Co. v. Wynn*, 229 Ga. App. 220, 225 (10) (493 SE2d 622) (1997). The trial court did not err in approving the verdict.

7. Watkins claims the trial court erred in approving the jury's verdict as to his counterclaim. In support of this enumeration, he states only that he was denied a fair trial on the counterclaim "due to the Enumeration of Error as listed above." Watkins lists 11 errors before this one. Thus, it is not clear to which alleged error he refers. Watkins' failure to offer any meaningful argument or citation to authority in support of his claim amounts to an abandonment of the enumeration. See *City of College Park v. Sheraton Savannah Corp.*, 235 Ga. App. 561, 564 (6) (509 SE2d 371) (1998).

8. Watkins claims the verdict as to actual damages is not supported by the evidence. The jury awarded Williams $56,272 in general damages. The evidence at trial showed Watkins owed Williams $30,000 plus interest for the loan. Watkins admitted at trial that he

agreed to pay interest at the rate of 10%, or "something to that effect." The jury was authorized to add interest from the date of the alleged breach.

There was also evidence that Watkins charged Williams $20,000 in fees. One attorney testified that the legal services Watkins performed for Williams were worth no more than $2,500, "[a]nd that would be generous." Watkins also failed to pay Williams $104 he received on her behalf in a garnishment proceeding. An appellate court should not interfere with a jury's damage award unless the award is so small or so excessive as to justify the inference of gross mistake or undue bias. *Grange Mut. Cas. Co. v. Law*, 223 Ga. App. 748, 750 (1) (479 SE2d 357) (1996). The jury's award was within the range of damages established by the evidence and will not be disturbed. See id.; see generally *Jim Ellis Atlanta v. McAlister*, 198 Ga. App. 94, 97 (2) (400 SE2d 389) (1990).

9. Watkins contends the trial court erred in not entering a pre-trial order simplifying, clarifying and limiting the issues presented by the parties. Watkins did not request a pre-trial order. Assuming that even in the absence of a request, the trial court's failure to enter a pre-trial order constituted error, the question is whether the error was harmful. *Smith v. Davis*, 121 Ga. App. 704, 705-706 (2) (175 SE2d 28) (1970) (physical precedent only); see *Sheet Metal Workers &c. v. Carter*, 144 Ga. App. 48, 51 (5) (240 SE2d 569) (1977), rev'd on other grounds, 241 Ga. 220 (244 SE2d 860) (1978); OCGA § 9-11-16 (b). Upon a review of the record, we find no harmful error requiring reversal. See generally *State Hwy. Dept. v. Peters*, 121 Ga. App. 167, 171 (5) (173 SE2d 253) (1970).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 26, 1999 —
RECONSIDERATION DENIED JUNE 24, 1999.

*Catherine V. Ryan*, for appellants.
*Watkins & Watkins, John D. Watkins*, pro se.
*Duffy, Feemster & Lewis, George L. Lewis*, for appellee.