32990. HAYS *v.* JONES, administratrix, *et al.*

DECIDED APRIL 28, 1950. REHEARING DENIED MAY 19, 1950.

*Gordon .A. Smith, Alton T. Milam, Robert G. Smith, James G. Lamar,* for plaintiff.

*Nall & Sterne,* for defendant.

FELTON, J. The defendant Mrs. Jones is alleged to be a certificated common carrier of passengers but jurisdiction is not contended for by reason of that fact because of the ruling in *Youmans* v. *Hickman*, 179 *Ga.* 684 (177 S. E. 238). Jurisdiction as to Mrs. Jones is contended for under the act of 1947 (Ga. L. 1947, p. 305), which provides that actions against non-residents under the act of 1937, pages .732-34 shall be brought in the county in which the accident, injury or cause of action originated, or in the county of the residence of the plaintiff, if a resident of Georgia. The act of 1947 does not authorize an action of this kind to be brought against an individual resident of Georgia outside of the county of his or her residence. The principle of this case is controlled by *Lowe* v. *Roberts*, 59 *Ga. App* 890 (2 S. E. 2d, 748), and *Benton Rapid Express* v. *Johnson*, 202 *Ga.* 597 (43 S. E. 2d, 667). The Constitution (Code, Ann. § 2-4906) provides: "All other civil cases shall be tried in the county where the defendant resides . ." This case does not fall within any exception contained in the Constitution. The Constitution (Code, Ann., § 2-4904), relative to actions against

joint trespassers, refers only to resident joint trespassers. If the provisions of the act of 1947 in certain instances precludes a joint action against a resident and non-resident in such a case as this, it is a matter of legislative and not judicial concern.

The court did not err in sustaining the demurrer and in dismissing the action as to Mrs. Jones.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*