24709.   BIDDINGER et al. v. FLETCHER et al.

SUBMITTED JUNE 11, 1968—DECIDED JULY 2, 1968—
REHEARING DENIED JULY 16, 1968.

*Burch & Boswell, John S. Boswell, Sr.,* for appellants.
*Young, Young & Ellerbee, Cam U. Young,* for appellees.
ALMAND, Presiding Justice.   James Biddinger and several

others, alleging themselves to be nonresidents of Georgia, brought their petition in the Superior Court of Lowndes County against Charles Fletcher and Ronald C. Fletcher, also nonresidents of Georgia, in which the following case was stated: On December 22, 1963, while James Biddinger, his wife and their two children were traveling south in their motor vehicle on Interstate Highway 75, and the defendants were also traveling south on the same road near Valdosta, Georgia, there was a collision by the respective motor vehicles of the parties. The plaintiffs, believing the collision and resulting damages to person and property had occurred in Lowndes County, brought their suit against the defendant nonresidents in the City Court of Valdosta, now the City Court of Lowndes County, under the provisions of the Georgia Nonresident Motorists Act (Ga. L. 1937, p. 732, as amended; *Code Ann. Ch.* 68-8). The defendants through their counsel filed defensive pleadings. On the trial of the action the jury on October 11, 1966, returned a verdict in favor of the defendants. The plaintiffs' joint motion for new trial was overruled. On appeal the Court of Appeals affirmed (116 Ga. App. 532 (157 SE2d 764)), and certiorari was denied by the Supreme Court. It was alleged that the plaintiffs on February 13, 1967, discovered that the collision had occurred not in Lowndes County, but in Cook County, Georgia, and on December 15, 1967, the plaintiffs filed suit against the defendants in the Superior Court of Cook County for the same cause of action originally brought in the City Court of Valdosta. It was alleged that the verdict and judgment in favor of the defendants in the City Court of Valdosta was a nullity due to the court's lack of jurisdiction, and that Cook County alone had jurisdiction because the collision had occurred in that county. The prayers of the petition were for a decree that the judgment entered in favor of the defendants in the City Court of Valdosta be declared null and void, the action in the City Court of Valdosta having been commenced by mistake, and the action in that court be transferred to the Superior Court of Cook County.

The return of service of process names service on "Cam Young, attorney for defendants." The defendants moved to dismiss the suit on the following grounds: (a) the complaint fails

to state a claim against each of the defendants, (b) the court does not have jurisdiction of the subject matter because of the prior final judgment in the City Court of Lowndes County, (c) both defendants are nonresidents of Georgia and not subject to service of process, (d) no substantial relief is prayed against a defendant residing in Lowndes County, and (e) service upon Cam Young is not binding on the defendants because he was not the attorney for either of the defendants in any action then pending in Lowndes County.

The trial court sustained every ground of the motion to dismiss. The appeal is from this order, and error is enumerated on all the rulings of the trial court.

While the complaint may have been subject to one or more of the grounds of the motion to dismiss, we are of the opinion that the first ground—that "the complaint fails to state a claim against either defendant upon which relief can be granted"—was rightly sustained, and we will review the case only as to that ground.

The first suit was instituted in the City Court of Valdosta under the provisions of the Nonresident Motorists Act (Ga. L. 1937, p. 732, as amended; *Code Ann. Ch.* 68-8). The venue section of this Act (Ga. L. 1937, pp. 732, 734; 1947, p. 305; 1955, p. 650; 1959, pp. 120, 121; *Code Ann.* § 68-803) provides: "All suits or causes of action brought under this Chapter, relating to the use of the highways of this State by nonresident motorists, shall be brought in the county in which the accident, injury or cause of action originated, or in the county of the residence of the plaintiff therein, as the plaintiff in such suit may elect, if the plaintiff in such suit is a resident of the State of Georgia; and if the plaintiff in such suit is a nonresident of the State of Georgia, then in that event such suit shall be brought in the county in this State in which the accident or injury occurred or the cause of action originated; and the courts in said counties having jurisdiction of tort actions shall have jurisdiction of all such nonresident users in actions arising under this Chapter." The plaintiffs contend that under the provisions of the section above cited, the accident having occurred in Cook County, the courts of that county alone have jurisdiction of the venue, and,

therefore, the verdict and judgment in the Lowndes County court was null and void.

There is no question that the City Court of Valdosta had jurisdiction of the subject matter and of the parties. Jurisdiction is the right and power of a court to adjudicate concerning the subject matter in a given case. Venue has reference to the place of the suit—it is a question of fact to be supported by testimony. In the plaintiffs' first suit in the City Court of Valdosta, the accident was alleged to have occurred in Lowndes County. The defendants did not raise any question as to venue. The plaintiffs selected the forum, and though under the statute they had the right to institute the suit in Cook County, they could waive that right, there being no prejudice to third persons. *Code* § 24-112.

Where a nonresident voluntarily institutes a suit in a county in this State he submits himself, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending. *Gordy v. Levison & Co.*, 157 Ga. 670 (2) (122 SE 234). The defendants by appearing in the City Court of Valdosta case and pleading to the merits waived any right that they might have had as to the venue of the action. *Black v. Milner Hotels Inc.*, 194 Ga. 828, 831 (22 SE2d 780). In *Standford v. Davidson*, 105 Ga. App. 742 (125 SE2d 720), it was held: "In an action instituted under the Nonresident Motorists Act, alleging venue in the county of the plaintiff's residence, pleading to the merits, without raising the question of venue at the proper time before verdict, by a plea to the jurisdiction of the persons, is a waiver of the question of jurisdiction of the persons of the nonresidents."

The rule as to waiver of objections to venue is well stated in 56 AmJur 42, Venue, § 38, as follows: "Statutory requirements fixing the county or district in which suit on a transitory action is to be brought are to be regarded as formal requirements, essentially for the convenience of parties litigant, and therefore as conferring privileges which a party may waive by consenting to be sued in a court of competent jurisdiction in a county or district other than that prescribed in the statute. Venue statutes relate to procedure, and not to jurisdiction, and the fact an action is tried in a county other than that declared by statute the

proper county for its trial does not go to the jurisdiction and does not invalidate the judgment, at least when there is nothing in the statute to indicate that its requirements are jurisdictional. When a court has jurisdiction it has power, in the absence of an objection to the venue, to render a judgment binding on the parties." "The conduct which will amount to a waiver of venue is that of the defendant alone and nothing a plaintiff might do can change the legal consequences which attach to that conduct." Schnell v. Peter Eckrich & Sons, Inc., 365 U. S. 260, 264 (81 SC 557, 5 LE2d 546).

The trial court did not err in sustaining the defendants' motion to dismiss the complaint.

*Judgment affirmed. All the Justices concur.*