57317, 57318. STEIN v. BURGAMY et al. (two cases).

SMITH, Judge.

In these two appeals appellant Stein raises the same three enumerations of error, concerning the denial of his motion for summary judgment, the denial of his motion to add a party defendant to his counterclaim, and the dismissal of his impleader action. Case no. 57317 is based upon the grant of summary judgment to appellee Burgamy, dismissing him as a third-party defendant, and case no. 57318 is an interlocutory appeal. We affirm the trial court's denial of appellant's motion for summary judgment and its dismissal of appellee Burgamy as a third-party defendant. However, we reverse the trial court's order refusing to add Burgamy as a defendant to appellant's counterclaim.

Appellee Trust Company Bank brought this suit on a guaranty signed by appellant. Appellant defended on the bases of alteration, novation, and fraud, and for those reasons he moved for summary judgment on the bank's suit. Appellant also counterclaimed against the bank for conspiring to commit fraud, and, requesting actual and punitive damages, he filed a motion to implead Burgamy, the bank's officer with whom appellant dealt. Appellant additionally attempted to add Burgamy as a defendant to the counterclaim sounding in fraud. The essence of appellant's fraud claim was that Burgamy misrepresented the financial status of the principal debtor and appellant relied on those misrepresentations in becoming and remaining a guarantor.

1. The record is replete with issues of fact concerning the bank's claim against appellant, and the trial court properly declined to grant appellant's motion for summary judgment.

2. The court was also correct to dismiss appellant's impleader action, as that action did not constitute an attempt to render Burgamy secondarily liable for any part of the bank's claim against appellant. Code § 81A-114 (a); *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236) (1969); *Wolski v. Hayes,* 144 Ga. App. 180 (240 SE2d 720) (1977).

3. "When the presence of parties other than those to

the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in this Title, if jurisdiction of them can be obtained." Code § 81A-113 (h). The trial court's rationale for its decision not to add Burgamy as a party to the counterclaim was that complete relief could be afforded in his absence. We disagree. "This provision 'complete relief' embraces the desirability of avoiding repetitive lawsuits on essentially the same facts or subject matter, as well as the desirability of joining those in whose absence there might be a grant of hollow or partial relief to the parties before the court." *Co-op Mortgage Invest. Assoc. v. Pendley,* 134 Ga. App. 236, 238 (214 SE2d 572) (1975). We believe the policies enunciated in *Co-op Mortgage Invest. Assoc.* would be well served here by the addition of Burgamy.

Neither can we concur with Burgamy's contentions that his alleged statements as a matter of law cannot constitute the basis for a cause of action in fraud and that he cannot be held liable individually for fraud. "The directors or officers of a corporation are liable for their fraudulent acts and representations to persons who are injured thereby. They are no more immune from false representations with intent to deceive, which result in a loss to one who relied thereon, than any other individual. The fact that they are acting for the benefit of the corporation and that they did not personally receive the fruits of the transaction, or that the company is nominally the contracting party, does not relieve them from liability." *Hines v. Wilson,* 164 Ga. 888, 889 (c) (139 SE 802) (1927).

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 8, 1979 — DECIDED JULY 12, 1979 — REHEARINGS DENIED JULY 24, 1979 —

*Richard C. Freeman, III, P. Michael Lynch, III,* for appellant.

*King & Spalding, Charles M. Shaffer, Jr., R. Marcus*

*Lodge,* for appellees.