### 35345. WILLIAMS et al. v. FULLER.

MARSHALL, Justice.

Appellant Crisp County Board of Education refused to renew the teaching contract of the appellee Fuller for the school year 1975-1976. Fuller obtained a reversal of the local school board's decision on appeal to the State Board of Education. See Code Ann. § 32-910 (Ga. L. 1919, pp. 288, 324; as amended, Ga. L. 1969, p. 708). The local school board then made an application for certiorari from the state board's decision to the Crisp Superior Court. The superior court reversed the decision of the state board and

reinstituted the decision of the local board. Fuller appealed to the Court of Appeals, but the appeal was dismissed for failure to pay costs in the trial court in a timely fashion. *Fuller v. Williams,* 143 Ga. App. 772 (240 SE2d 141) (1977).

At this stage of the litigation, Fuller had raised no question concerning the jurisdiction of the Crisp Superior Court to review by certiorari the state school board's reversal of the local board's decision. However, Fuller subsequently filed a motion to set aside the judgment of the Crisp Superior Court under Code Ann. § 81A-160(d) (Ga. L. 1966, pp. 609, 662; as amended, Ga. L. 1974, p. 1138) on the ground that the superior court lacked subject-matter jurisdiction to review by means of certiorari a decision of the state board. The Crisp Superior Court overruled the motion. On appeal, the Court of Appeals reversed, holding that the Superior Court of Crisp County did lack subject-matter jurisdiction over decisions rendered by the State Board of Education.

In reaching its decision, the Court of Appeals recognized that certiorari is a proper remedy for superior courts to review decisions of county boards of education, and, therefore, decisions of the State Board of Education, where the decision is rendered in a cause where the board is exercising judicial powers. *Morman v. Pritchard,* 108 Ga. App. 247 (132 SE2d 561) (1964). Under Art. VI, Sec. IV, Par. V of the State Constitution (Code Ann. § 2-3305), the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari . . ." See also Code § 19-101. Code § 19-202 provides that, "No judge of the superior court shall grant or issue any writ of certiorari out of his judicial circuit, unless there shall be a vacancy in any of the other circuits, or the judge thereof be indisposed, disqualified, or absent therefrom, so that the business of granting writs of certiorari can not be speedily done." See also Code §§ 24-2616(1); 24-2617. Code Ann. § 32-439 (Ga. L. 1953, p. 110) states that, "[N]o action of the State Board of Education shall be of force and effect unless such action is taken at a regular or call meeting of the board held at the State Capital in the Department of Education as provided by laws."

Taking all of the foregoing into consideration, the

Court of Appeals held that the State Board of Education is an inferior judicatory of the Superior Court of Fulton County when it renders a decision on appeal from a decision of a local board of education. Since, by statute, the superior court judges of this state are prohibited from issuing writs of certiorari outside of their judicial circuits unless the judge of the other circuit is absent, indisposed, or disqualified, the Court of Appeals held that the reversal by the Superior Court of Crisp County of the decision of the state board was void for lack of subject-matter jurisdiction.

We granted certiorari in order to review this decision of the Court of Appeals. We reverse.

1. At the outset, we note that in 1977, the General Assembly amended Code Ann. § 32-910 so as to authorize an appeal from the State Board of Education to the superior court of the county where the local board is situated. Code Ann. § 32-910(c) (Ga. L. 1977, p. 875). However, the 1977 Amendment to Code Ann. § 32-910 did not become effective until March 23, 1977, and would not, therefore, apply to this case.

2. The pivotal question in this case is, of course, whether the Crisp Superior Court did, in fact, lack subject-matter jurisdiction to review a decision of the State Board of Education by means of certiorari.

If the Crisp Superior Court lacked subject-matter jurisdiction in this case, then the appellee's motion to set aside the judgment of the superior court should have been granted. A judgment rendered by a court without jurisdiction of the subject matter is absolutely void. Code § 110-709; *Davis v. Page,* 217 Ga. 751 (125 SE2d 60) (1962); *Ga. R. &c. Co. v. Redwine,* 208 Ga. 261 (66 SE2d 234) (1951). Subject-matter jurisdiction can not be extended by the parties either by waiver or agreement. Code § 24-112; *Smith v. Upshaw,* 217 Ga. 703 (124 SE2d 751) (1962); *Mathis v. Rowland,* 208 Ga. 571 (67 SE2d 760) (1951).

If, however, the superior court judgment is only voidable for improper venue or lack of jurisdiction of a person, then the appellee's motion to set aside the judgment was properly denied. For, improper venue and lack of jurisdiction of the person are defenses which are waived under CPA § 12(h) (Code Ann. § 81-112(h); Ga.

L. 1966, pp. 609, 622; as amended) when not raised either in a motion or in a responsive pleading as originally filed.

3. " 'Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power.' *Melton v. Jenkins,* 50 Ga. App. 615 (1) (178 SE 754); *Zeagler v. Zeagler,* 192 Ga. 453, 456 (15 SE2d 478)." *Standford v. Davidson,* 105 Ga. App. 742, 743 (125 SE2d 720) (1962) (Judge Hall concurring specially). The following are examples of cases in which a court was found to be lacking in subject-matter jurisdiction: *State v. Millwood,* 242 Ga. 244 (248 SE2d 643) (1978) (municipal courts lack jurisdiction to try state offenses); *Mathis v. Rowland,* supra (court of ordinary is without jurisdiction of a case involving violation of the public drunkenness statute, Code § 58-608); *Andrews v. State,* 130 Ga. App. 2 (202 SE2d 246) (1973) (state court has no jurisdiction over a felony); *Chapman v. Silver & Bro.,* 18 Ga. App. 476 (89 SE 590) (1916) (justice's court is without jurisdiction over suit for damages to realty).

" 'Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by appearance or by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action.' 21 CJS 32, § 15(a)." *Standford v. Davidson,* 105 Ga. App. 742, supra, p. 744. As a general rule, the jurisdiction of Georgia and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners. Code § 15-202. "The jurisdiction of the judges of the superior courts is coextensive with the limits of this State, and they may act in circuits other than their own when authorized by law . . ." Code § 24-2613.

Basically, jurisdiction means the power of a court to render a binding judgment in the case, and venue means the place of trial. The Georgia Constitution (Art. VI, Sec. XIV; Code §§ 2-4301 — 2-4307) provides for venue in all cases. The term "jurisdiction of the person" is broad enough to cover lack of jurisdiction of the person resulting from improper venue. Ga. Prac. & Proc. § 5-7 (4th Ed.); 18

EGL 619, Jurisdiction, § 5.

4. The statutory limitation on the jurisdiction of superior court judges to issue writs of certiorari outside of their judicial circuits is most accurately viewed as a limitation on the superior courts' jurisdiction over the persons outside of their judicial circuits to whom the writs of certiorari.are issued. Thus, the Superior Court of Crisp County did lack personal jurisdiction over the State Board of Education, but this defense has been waived by both the State Board of Education and the appellee Fuller by failure to raise it at trial.

5. The Court of Appeals' decision in this case can also be viewed as a ruling that the State Board of Education is a resident of Fulton County for the purposes of Art. VI, Sec. XIV, Par. VI of the State Constitution (Code Ann. § 2-4306), which provides that all civil cases other than those specifically excepted shall be tried in the county where the defendant resides. Cf. *Moore v. City of Winder,* 10 Ga. App. 384 (73 SE 529) (1912). Therefore, the judgment is also subject to attack for improper venue. This, again, is a defense which has been waived.

*Judgment reversed. Nichols, C. J., Undercofler, P. J., Jordan, Hill and Bowles, JJ., and Judge Charles L. Weltner concur.*

ARGUED NOVEMBER 13, 1979 — DECIDED DECEMBER 5, 1979 — REHEARING DENIED DECEMBER 18, 1979.

*Hurt & Pfeiffer, James W. Hurt,* for appellants.
*Haas, Holland, Levison & Gibert, Theodore G. Frankel,* for appellee.