35982. BERGEN et al. v. MARTINDALE-HUBBELL, INC. et al.

HILL, Justice.

Joseph Bergen, an attorney practicing law in Chatham County, filed this action in Chatham Superior Court against Martindale-Hubbell, Inc., and its Georgia field representative, Samuel H. Forbes. Jurisdiction over Martindale-Hubbell, a New Jersey corporation with no registered agent in Georgia, was predicated on Georgia's Long Arm Statute. Code Ann. § 24-113.1 (Ga. L. 1966, p. 343, as amended). Forbes, a resident of DeKalb County, Georgia, moved that he be dismissed as a defendant, citing Code Ann. § 2-4306, because venue allegedly was improper as to him. The superior court granted his motion and declared its action to be final as to Forbes under Code Ann. § 81A-154(b).

Since under that order complete diversity then obtained, Martindale-Hubbell removed the case to the U. S. District Court for the Southern District of Georgia. Bergen filed a motion to remand in the district court and also undertook to appeal the superior court's order dismissing Forbes. By order, we remanded his appeal to the Chatham County Superior Court, pending a decision by the district court on Bergen's motion to remand, stating that either party could file a notice of appeal within thirty days "from the date of remand."[1]

The district court judge signed a remand order on

---

[1] In reference to the power of a state court to hear the appeal of the plaintiff from an order dismissing the resident defendant after the nonresident defendant has removed the action to federal court, see American Car Co. v. Kettlehake, 236 U. S. 311, 316 (35 SC 355, 59 LE 594) (1915); Sunberg v. Babcock, 16 NW 724 (2) (Iowa, 1883); Comment, *The Effect of Section 1446(b) on the Nonresident's Right to Remove,* 115 U. Penn. L. Rev. 264, 266 (1966); Note, *Removal of Suits to Federal Courts After the Statutory Deadline: An Old Formula Re-examined,* 60 Harv. L. Rev. 959, 962 (1947).

November 8, 1979, which was entered in the district court clerk's office on November 9, and was filed in Chatham County Superior Court on November 13. Bergen filed his notice of appeal on December 10, 1979.

1. Martindale-Hubbell has moved to dismiss this appeal because the notice of appeal was filed more than 30 days after the remand order was filed in district court. Even if we were to assume that the time for appeal began to run on November 9 when the remand order was filed in the district court clerk's office, and before the case was refiled in the superior court, the notice of appeal was timely filed since the 30th day, December 9, fell on a Sunday. The motion to dismiss is denied. Code Ann. §§ 6-803 (a); 102-102(8); *Jones v. Monroe Nursing Home, Inc.,* 149 Ga. App. 582 (1) (254 SE2d 902) (1979).

2. Forbes successfully sought dismissal on the basis that the Constitution requires that a defendant be sued in the county of his or her residence. Code Ann. § 2-4306. Bergen argues that the relevant venue provision is Code Ann. § 2-4304, which provides: "Suits against . . . joint trespassers, residing in different counties, may be tried in either county." This provision, however, only comes into play when two resident defendants are involved. *Benton Rapid Express, Inc. v. Johnson,* 202 Ga. 597 (43 SE2d 667) (1947); *Hays v. Jones,* 81 Ga. App. 597 (59 SE2d 404) (1950).

Thus the question becomes whether, for venue purposes, Martindale-Hubbell is to be considered as a resident or a nonresident. The parties agree that Martindale-Hubbell is a foreign corporation not authorized to transact business in Georgia and which does not have a registered agent for service of process. It is, therefore, by definition a "nonresident." Code Ann. § 24-117. Thus, venue does lie against Martindale-Hubbell under the long arm statute in Chatham County under the allegation of the complaint that it transacts business there. *Reading Assoc., Ltd. v. Reading Assoc. of Ga., Inc.,* 236 Ga. 906 (225 SE2d 899) (1976); Code Ann. § 24-116. However, Martindale-Hubbell is not declared by the statute to be a resident of those counties in which it does business. Compare *Southern R. Co. v. Grizzle,* 124 Ga. 735 (3) (53 SE 244) (1906); *Jones v. Chandler,* 88 Ga. App. 103

(76 SE2d 237) (1953).[2] It follows that the superior court properly granted Forbes' motion to dismiss.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1980 — DECIDED APRIL 23, 1980 — REHEARING DENIED MAY 7, 1980.

*Joseph B. Bergen, Melvin M. Belli, Laurie K. Abbott,* for appellants.

*Bouhan, Williams & Levy, Walter C. Hartridge, John Gregory Odom,* for appellees.

---

[2]In the cases of *Southern R. Co. v. Grizzle,* supra (suit against a resident and a foreign railroad); *Jones v. Chandler,* supra (suit against a resident and a foreign motor common carrier and its insurer); and *Morris v. George,* 3 Ga. App. 413 (59 SE 1116) (1908) (suit against a resident and a foreign surety company), the suits were brought in counties where the foreign corporations had agents, if not also offices, and the court found them to be "residents" of those counties.

If the resident partner had been sued in *Nelson Assoc. Ltd. v. Grubbs,* 135 Ga. App. 947 (219 SE2d 607) (1975), a different result would have been reached.