A89A0415. DODD et al. v. SIMPSON et al.
(381 SE2d 585)

DEEN, Presiding Judge.

The appellant homeowners filed suit in Catoosa County against Joe Simpson and Richard Hasty, individually and as a partnership, for creating a nuisance by their development and use of some property near the appellants' residential neighborhood in Catoosa County. Simpson was a non-resident of Georgia and Hasty was a resident of Whitfield County. Following the defendants' motion to dismiss or in the alternative to transfer because of improper venue, the appellants voluntarily dismissed Hasty without prejudice. Simpson and the partnership then raised the issue of joinder of Hasty pursuant to OCGA § 9-11-19. The trial court found that Hasty's ability to protect his interest in the partnership assets would be impaired if he were not joined, and thus ordered joinder of Hasty as a party defendant and transferral of the case to Whitfield County. This interlocutory appeal followed. *Held*:

"Suits against joint obligors, joint tort-feasors, joint promissors, co-partners, or joint trespassers residing in different counties may be tried in either county." Georgia Const., Art. VI, Sec. II, Par. IV. In this case, jurisdiction and venue did lie in Catoosa County against the non-resident Simpson and the partnership under the long arm statute. *Bergen v. Martindale-Hubbell*, 245 Ga. 742 (1), 743 (267 SE2d 10) (1980); *Nelson Assoc. v. Grubbs*, 135 Ga. App. 947 (219 SE2d 607)

(1975). The above constitutional provision regarding joint tort-feasors applies only to resident joint tort-feasors, and absent some basis for finding Simpson or the partnership to be a "resident" of Catoosa County, that county is an improper venue for suit against Hasty. *Southern R. Co. v. Grizzle*, 124 Ga. 735 (3) (53 SE 244) (1905); *Hays v. Jones*, 81 Ga. App. 597 (59 SE2d 404) (1950). There was no showing or allegation that would support such a finding in this case, which evidently led to the appellants' voluntary dismissal of Hasty from the action.

If a party joined pursuant to OCGA § 9-11-19 "objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action." OCGA § 9-11-19 (a). What the appellees did in this case by simultaneously moving for joinder of Hasty *and* objecting to venue of the action with regard to Hasty, was to regenerate a problem that the appellants had eliminated earlier by voluntarily dismissing Hasty. Under these circumstances, the trial court should not have joined Hasty and transferred the case to Whitfield County.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 19, 1989.

*John W. Davis,* for appellants.

*McCamy, Phillips, Tuggle & Rollins, R. Kevin Silvey,* for appellees.