A90A1495. GOODMAN v. VILSTON, INC.
(399 SE2d 241)

SOGNIER, Judge.

Vilston, Inc., the successor to the lessor's interest in a commercial lease, brought suit in Gwinnett County against the lessees, William

Barry Goodman and James A. Beesley, for damages resulting from an alleged breach of the lease agreement. Goodman appeals from the denial of his motion to set aside the default judgment entered against him.

The record reveals that appellant and Beesley leased the subject premises, a retail space in a shopping center in DeKalb County, for a video rental business. Beesley, a Gwinnett County resident, was served with process by a Gwinnett County deputy sheriff, and on January 9, 1989, appellant, a Tennessee resident, ultimately was personally served with process in Tennessee pursuant to the Long Arm Statute, OCGA § 9-10-91. After appellant failed to file responsive pleadings, appellee obtained a default judgment against him on May 26. Appellee settled its claim against Beesley and dismissed him with prejudice on October 31. In November, appellee instituted proceedings in Tennessee to domesticate its judgment against appellant. On January 5, 1990, appellant moved the Gwinnett County court to set aside the judgment for lack of personal jurisdiction.

1. Appellant contends the Gwinnett County court did not have jurisdiction over him because no provision of the Long Arm Statute was applicable. We do not agree, for we find that the trial court had jurisdiction pursuant to OCGA § 9-10-91 (4), which authorizes exercise of personal jurisdiction over a nonresident defendant who "[o]wns, uses, or possesses any real property situated within this state." See *Moore v. Moore*, 255 Ga. 308 (336 SE2d 804) (1985). The leasing of real property in Georgia for operation of a retail establishment and execution of a lease agreement that contained a Georgia choice of law clause created the "substantial connection . . . between the controversy, [appellant], and property within this state" to satisfy the minimum contacts requirement as described in *Regante v. Reliable-Triple Cee*, 251 Ga. 629, 630 (1) (308 SE2d 372) (1983). Appellant, like the defendant in *Hart v. DeLowe Partners*, 147 Ga. App. 715, 716 (2) (250 SE2d 169) (1978), invoked the benefits and protection of this state's real property law, and this privilege included "the concomitant obligation to defend a suit in Georgia concerning an alleged breach of the [lease] contract. [Cit.]" Id. at 716-717 (2) (B).

2. Appellant's remaining enumeration raises the question whether venue against him was proper in Gwinnett State Court, and if not, whether he waived any objection thereto. The complaint alleged that appellant was "subject to the jurisdiction and venue" of the Gwinnett State Court because he "transact[ed] business in the State of Georgia." When jurisdiction is obtained under the Long Arm Statute, venue is proper "in any county wherein the business was transacted, the act or omission occurred, or the real property is located." OCGA § 9-10-93. Accordingly, given that the DeKalb County courts had jurisdiction over appellant pursuant to OCGA § 9-10-91 (4), long arm

venue against appellant lay in DeKalb County, the county where the real property is located, and not in Gwinnett County where the action was filed. *Dodd v. Simpson,* 191 Ga. App. 369 (381 SE2d 585) (1989).

"One who, being properly served, wishes to rely on the defense of lack of venue, must bring it to the attention of the court at a proper time or the defense is waived. 'Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense.' [Cit.]" *Allen v. Alston,* 141 Ga. App. 572, 573 (2) (234 SE2d 152) (1977). Appellant contends, however, that he did not waive his defense of lack of venue because venue originally was proper against him in Gwinnett County, the county of Beesley's residence, because he and Beesley were joint obligors, but became improper only after Beesley was dismissed. We do not agree. The constitutional provision he cites provides that "[s]uits against joint obligors . . . residing in different counties may be tried in either county." Ga. Const., Art. VI, Sec. II, Par. IV (1983). This constitutional mandate is codified at OCGA § 9-10-31, which provides that joint obligors "may be subject to an action as [joint obligors] in the same action in any county in which one or more of the defendants reside." These provisions have been applied to obtain venue in actions against Georgia residents who live in different counties (*Shell v. Watts,* 229 Ga. 474 (192 SE2d 265) (1972)); in suits involving an individual Georgia resident and a Georgia corporation whose corporate residence was not in the forum county (*Motor Convoy v. Brannen,* 194 Ga. App. 795 (391 SE2d 671) (1990)); and in actions against Georgia residents and foreign corporations registered in Georgia and doing business in the state (*Jones v. Chandler,* 88 Ga. App. 103 (76 SE2d 237) (1953)).

Appellant has not cited, nor has our research disclosed, any case involving a Georgia resident and an individual residing outside the state in which the joint obligor provisions have been applied to obtain venue against the non-Georgian in the county where the Georgian resides rather than where venue would lie against the non-Georgian under OCGA § 9-10-93. However, the opposite approach — setting venue against the Georgian in the county where long arm venue lies against the non-Georgia defendant — has been rejected by our appellate courts. Holding that the joint obligor provisions apply only when the defendants are Georgia residents, the Supreme Court has ruled that in a suit against a Georgia resident and a foreign corporation not registered to do business in Georgia, venue against the Georgian cannot lie in the county in which venue is proper against the foreign defendant under the Long Arm Statute because that statute does not make the foreign corporation a "resident" for purposes of joint obligor venue. *Bergen v. Martindale-Hubbell,* 245 Ga. 742, 743 (2) (267 SE2d 10) (1980). Accord *Weitzel v. Griffin & Assoc.,* 192 Ga. App. 89

(383 SE2d 653) (1989); see generally Gary, "Annual Survey of Georgia Law: Trial Practice and Procedure," 32 Mercer L. Rev. 225, 230-232 (1981).

We find this rationale equally applicable in the circumstance present in the instant case. Venue is a component of jurisdiction over the person, which has been defined as "the power of a court to render a personal judgment, or to subject the parties" to the rulings of the court. (Punctuation omitted.) *Williams v. Fuller*, 244 Ga. 846, 849 (262 SE2d 135) (1979). As a general rule, our Constitution provides that for in personam actions, venue lies in the county of the defendant's place of residence. Ga. Const., Art. VI, Sec. II, Pars. I, VI (1983). Although the joint obligor provision of the Constitution provides one exception to that rule, both it and the corresponding Code section clearly are addressed to "residents," whether individual or corporate. A foreign corporation registered to do business in Georgia is deemed to "reside" in Georgia for venue purposes, OCGA § 14-2-510, but an individual who lives in another state does not "reside" in Georgia. See OCGA § 9-10-90. While the Long Arm Statute provides for jurisdiction and venue over the person of such an individual where he or she has minimum contacts with the forum, that statute does not make the non-Georgian a "resident" of Georgia; it merely provides for exercise of a Georgia court's jurisdiction over the person. *Weitzel*, supra at 90. Therefore, an individual defendant who lives outside the State does not "reside" in Georgia so as to be subject to the joint obligor venue provisions, and venue against the nonresident individual is proper only where authorized by the Long Arm Statute. Accordingly, venue in the case sub judice was proper against appellant only in DeKalb County, and was never proper in Gwinnett County.

In reaching this conclusion, we recognize that its effect is to preclude use of the joint obligor provisions in actions involving defendants who are Georgia residents and non-Georgia defendants who are not deemed by statute to "reside" in the state whenever long arm venue against the non-Georgian lies in a county other than that of the Georgia defendant's residence. In such circumstances, separate suits against the resident and nonresident defendants may be required, thereby making litigation against joint obligors more cumbersome. Nonetheless, we are constrained by the legislative language and the interpretation given to it by the Supreme Court to reach this result. Any correction of this anomaly must be left to the General Assembly.

Since venue was improper at the time suit was filed, appellant waived any objection to venue by failing to raise the issue after he was properly served with process and before judgment was entered against him. *Allen*, supra at 574. Accordingly, we affirm the denial of appellant's motion to set aside.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 6, 1990 —
REHEARING DENIED NOVEMBER 26, 1990 —

*Stokes & Associates, Fred J. Stokes*, for appellant.
*Harman, Owen, Saunders & Sweeney, Perry A. Phillips*, for appellee.