## A90A1908. McCABE v. LUNDELL.
(405 SE2d 693)

CARLEY, Judge.

Appellee-plaintiff brought suit against appellant-defendant, alleging a tort claim for assault and battery. Appellant answered and filed a counterclaim against appellee. Subsequently, appellant moved to disqualify appellee's attorney and to add him as a party-defendant to the counterclaim. The trial court denied appellant's motion, but certified its order for immediate review. Appellant applied for an interlocutory appeal and the instant appeal results from the grant of his application.

1. OCGA § 9-11-13 (h) provides as follows: "When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim . . ., the court shall order them to be brought in as defendants *as provided in this chapter, if jurisdiction of them can be obtained.*" (Emphasis supplied.) The first issue for resolution is a determination of what is meant by obtaining "jurisdiction" over a potential defendant-in-counterclaim.

The phrase "as provided in this chapter" that is employed in OCGA § 9-11-13 (h) refers to OCGA § 9-11-19. *Co-op Mtg. Investments Assoc. v. Pendley*, 134 Ga. App. 236, 238 (1) (214 SE2d 572) (1975). OCGA § 9-11-19 (a) relates to the joinder of "[a] person who

is subject to *service of process*" and further provides, in relevant part, that "*[i]f the joined party* objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action." (Emphasis supplied.)

Reading this statutory language in pari materia, it is clear that venue is not a relevant inquiry in the *initial* determination of whether to add a defendant-in-counterclaim. Instead, the reference in OCGA § 9-11-13 (h) to the existence of "jurisdiction *of* [potential defendants-in-counterclaim]" obviously contemplates only a determination as to whether jurisdiction *over the person* of potential defendants-in-counterclaim can be obtained. Thus, "[w]hen the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim . . ., the court shall order them to be brought in as defendants . . . if jurisdiction of them can be obtained [through service of process]." *If* the motion to join is granted *and* the defendant-in-counterclaim *is* thereafter served, *then* the actually "joined [rather than potentially joinable] party" may contest venue by filing a motion to dismiss which is to be treated by the trial court as a *motion to transfer* pursuant to Uniform Superior Court Rule 19. If venue is shown to be proper elsewhere, it would then be incumbent upon the trial court to enter an appropriate order. Such an appropriate order might sever the counterclaim for separate trial pursuant to OCGA § 9-11-42 (b) and transfer only the severed counterclaim while retaining jurisdiction and venue over the main action. See *McCormick v. Rissanen*, 177 Ga. App. 623 (340 SE2d 268) (1986).

Since the instant case concerns the denial of an *initial* motion for joinder pursuant to OCGA § 9-11-13 (h), resolution is *not* dependent upon a venue analysis. As noted, venue would be a relevant inquiry *only* in a case wherein a motion for joinder pursuant to OCGA § 9-11-13 (h) has been granted *and* the defendant-in-counterclaim has been served *and* has elected to contest venue. To hold otherwise would be to misconstrue the provisions of OCGA § 9-11-13 (h) and to undermine the concept of judicial economy implicit in Uniform Superior Court Rule 19. If *jurisdiction over the person* of a proper potential defendant-in-counterclaim can be obtained, any issue of improper venue as to him should be raised and resolved in the context of a subsequent motion to transfer. Judicial resolution of the merits of the claim as against him should not be delayed by urging improper venue as the basis for an order denying his joinder as the defendant-in-counterclaim in an existing action.

2. There is no contention that appellee's counsel is not subject to service of process and that jurisdiction over his person cannot, therefore, be obtained. Accordingly, the propriety of the trial court's order denying the motion to add appellee's counsel as a defendant-in-coun

terclaim is dependent solely upon whether his presence "is *required* for the granting of *complete relief* in the determination of [appellant's] counterclaim. . . ." (Emphasis supplied.) OCGA § 9-11-13 (h). The addition of appellee's counsel is sought only on the basis that he is a joint tortfeasor with appellee. It is clear, however, that the absence of an additional alleged *joint* tortfeasor is no impediment to "complete relief" otherwise being granted to appellant. "[I]t is well settled that it is not required that all joint tortfeasors be joined together in an action against one, their liability being joint and several. [Cit.]" *Sheet Metal Workers Intl. Assn. v. Carter*, 144 Ga. App. 48, 51 (4) (240 SE2d 569) (1977), rev'd on other grounds 241 Ga. 220 (244 SE2d 860) (1978). Compare *Stein v. Burgamy*, 150 Ga. App. 860 (3) (258 SE2d 684) (1979) (direct liability of employee and vicarious liability of employer); *Co-op Mtg. Investments Assoc. v. Pendley*, supra (partnership liability). It may be "desirable" that appellee's counsel be added as a defendant-in-counterclaim. However, OCGA § 9-11-13 (h) does not authorize the addition of a defendant-in-counterclaim merely because it may be "desirable." The statute mandates the addition of a defendant-in-counterclaim whose presence "is *required* for the granting of complete relief. . . ." (Emphasis supplied.) This court has no authority to ignore statutory language and, in effect, rewrite statutes based upon subjective judicial determinations of "desirability." It follows, therefore, that the trial court did not err in denying appellant's motion to add appellee's counsel as a defendant-in-counterclaim because his presence is not *required* to afford appellant complete relief.

3. Insofar as the motion to disqualify is concerned, appellant has stated that he will call appellee's counsel as a witness and, under the record before us, it appears that appellee's counsel should be considered a material witness. Accordingly, the trial court erred in denying appellant's motion for disqualification of appellee's counsel. *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 405 (3) (359 SE2d 904) (1987).

*Judgment affirmed in part and reversed in part. Banke, P. J., Pope, Cooper and Andrews, JJ., concur. Sognier, C. J., McMurray, P. J., and Birdsong, P. J., concur specially. Beasley, J., concurs in part and dissents in part.*

SOGNIER, Chief Judge, concurring specially.

I concur fully in Division 3 and concur in the result reached by the majority in Division 2. However, I cannot concur with the rationale advanced in Division 1 or with all that is said in Division 2 because I disagree with the majority's interpretation of OCGA § 9-11-13 (h).

OCGA § 9-11-13 (h) provides that "the court shall order [the additional parties] to be brought in as defendants as provided in this

chapter, *if jurisdiction of them can be obtained.*" (Emphasis supplied.) I read that language to mean that jurisdiction is a *threshold* inquiry. As in any other action, jurisdiction over a party must be established *before* the court can enter any rulings binding the party. Contrary to the majority's assertion, personal jurisdiction encompasses more than service of process. Venue is also a component of jurisdiction over the person, *Williams v. Fuller*, 244 Ga. 846, 849 (262 SE2d 135) (1979); *Goodman v. Vilston*, 197 Ga. App. 718, 721 (399 SE2d 241) (1990), and a court which does not have venue over a person lacks jurisdiction over that person. *Williams*, supra at 849-850 (3, 4).

Moreover, even assuming *Co-op Mtg. Investments Assoc. v. Pendley*, 134 Ga. App. 236, 238 (1) (214 SE2d 572) (1975), cited by the majority, was correct in concluding that the "in this chapter" language in OCGA § 9-11-13 (h) refers to OCGA § 9-11-19 (but see Ga. L. 1966, p. 626, § 13 (h), which shows that in the original enactment of OCGA § 9-11-13 (h), which has not been amended, the reference was to the entire Civil Practice "Act"), nothing in OCGA § 9-11-19 suggests that jurisdiction and venue should be inquired into only *after* the party is added. It does not modify the jurisdictional prerequisite in OCGA § 9-11-13 (h), but instead imposes additional requirements regarding the connection of the proposed additional party to the underlying action. Further, when in an ongoing action such as this one, the court knows *before* the additional defendant is added that it does not have venue, in the interest of judicial economy the trial court should inquire into its jurisdiction in advance. Accordingly, I conclude that venue is a threshold question that must be addressed by the courts when considering a motion to add a party pursuant to OCGA § 9-11-13 (h).

In the instant case, the record reveals that jurisdiction over appellee's counsel as a counterclaim defendant cannot be obtained because venue against him would not lie in Cobb County where the suit is pending. The attorney is a Georgia resident but does not reside in Cobb County, and appellee, the current counterclaim defendant, is a resident of Alabama. As a general rule, our Constitution provides that for in personam actions, venue lies in the county of the defendant's place of residence. Ga. Const., Art. VI, Sec. II, Pars. I, VI (1983). Although the Constitution states that "[s]uits against . . . joint tortfeasors residing in different counties may be tried in either county," (Art. VI, Sec. II, Par. IV), an individual defendant who lives outside the State does not "reside" in Georgia for purposes of this joint tortfeasor venue provision. *Goodman*, supra. While a nonresident, such as appellee, who voluntarily institutes a lawsuit in a Georgia court is deemed to submit herself, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending,

*Biddinger v. Fletcher*, 224 Ga. 501, 504 (162 SE2d 414) (1968), such a plaintiff nevertheless remains a nonresident as defined in OCGA § 9-10-90 and does not become a "resident" of that county so as to submit a Georgia resident of another county to the jurisdiction of the courts of the forum county under the joint tortfeasor venue provision. Cf. *Goodman*, supra (Long-Arm Statute may permit jurisdiction over a non-Georgian but does not make that person a "resident" for joint venue). Thus, the joint tortfeasor provision cannot be used to obtain venue over a Georgia resident as a joint tortfeasor of another defendant who is not a resident of Georgia, and venue against the Georgia defendant lies only in the county of his residence. Id.; see *Bergen v. Martindale-Hubbell*, 245 Ga. 742, 743 (2) (267 SE2d 10) (1980). The transfer procedure proposed by the majority would not solve the venue problem in this action because appellee, the current counterclaim defendant, is not a Georgia resident and has not submitted to jurisdiction except in Cobb County, whereas venue over her counsel, the proposed additional counterclaim codefendant, can only be obtained elsewhere. Accordingly, I conclude that the trial court's denial of appellant's motion to add appellee's counsel as a party defendant was correct because venue over appellee's counsel cannot be obtained in Cobb County, the forum where the counterclaim is pending.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Birdsong join in this special concurrence.

BEASLEY, Judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 3. However, the presence of the attorney as a joint tortfeasor is required for the granting of "complete relief" to McCabe. Although, as the majority states, it is not required that all joint tortfeasors be joined in a single suit, they should be added under OCGA § 9-11-13 (h) when it is requested and they can be served, in order for there to be *complete* relief to a wronged party. As quoted in *Stein v. Burgamy*, 150 Ga. App. 860, 861 (3) (258 SE2d 684) (1979): " 'This provision "complete relief" embraces the desirability of avoiding repetitive lawsuits on essentially the same facts or subject matter, as well as the desirability of joining those in whose absence there might be a grant of hollow or partial relief to the parties before the court.' [Cit.]"

In *Stein*, the bank officer was being added individually to the counterclaim against the bank because " 'directors or officers of a corporation are liable for their fraudulent acts and representations to persons who are injured thereby.' " In *Co-op Mtg. Investments &c. v. Pendley*, 134 Ga. App. 236 (1) (214 SE2d 572) (1975), the case quoted in *Stein*, joinder of the general partner with the limited partnership was necessary to give complete relief, i.e., to reach the assets of the general partner. Otherwise there is just a "judicial juggle," said the

court.

The same obtains here, where there is an alleged joint tortfeasor, and the "desirabilities" expressed in *Co-op* as the philosophy underlying the requirement have waxed stronger since 1979 instead of waning. Not only the increasing caseload in the courts and increasing costs of lawsuits to courts and litigants, but also the spirit of the intervening constitutional provision requiring court rules which provide for "the speedy, efficient, and inexpensive resolution of disputes" support this. 1983 Ga. Const., Art. VI, Sec. IX, Par. I.

DECIDED JANUARY 10, 1991 —
REHEARINGS DENIED MARCH 25, 1991 AND MAY 3, 1991 —

*Donald A. Weissman, Douglas H. Pike*, for appellant.
*Glen A. Garrett, Richard L. Moore, Rebecca S. Walton-McFalls*, for appellee.