## A91A1667. EVERS v. MONEY MASTERS, INC.

(417 SE2d 160)

ANDREWS, Judge.

Evers attempted to purchase a controlling interest in a Cobb County business, Express Nurses, Ltd., from Elena Duncan and Valerie Brown. In connection therewith, he executed two checks in September 1989, one to Duncan and one to Brown. After writing the checks Evers became aware that Duncan and Brown had failed to fulfill their obligations in connection with his purchase, and he stopped payment on the checks. In the meantime, Brown and Duncan had presented the checks to Money Masters and been paid.

On September 27, 1989, Evers filed suit in Cobb County against three defendants, including Duncan and Brown, in which he claimed breach of contract. Money Masters filed suit in Cobb County on May 2, 1990 against Brown, Duncan and Evers for damages it claimed as a holder in due course. The instant appeal involves various issues arising out of Money Masters' lawsuit.

Brown, who resided in Indiana, was served with that lawsuit on May 31, 1990. Evers, who resided in Florida, was served with the complaint on July 20, 1990. Brown never filed an answer to the lawsuit and defendant Duncan, who resided in Cobb County, was never served with the complaint.

The 30-day period within which Evers was required to file his answer to the suit expired on August 20, 1990. On August 21, without paying court costs, Evers filed a motion to dismiss the complaint based on the alleged lack of personal jurisdiction, which the trial court denied. Accompanying Evers' motion to dismiss was his affidavit in which he claimed that none of his actions relevant to the lawsuit occurred in Cobb County.

On November 29, 1990, Money Masters moved for a default judgment against Brown and Evers on the basis that neither party had filed an answer. On December 10, 1990, Evers filed a motion to open the default in which he stated that his failure to file an answer resulted from excusable neglect in that Evers' counsel had been busy with other matters and was inexperienced in the field of commercial paper. In this motion, he offered to pay into the registry the court costs, though there is no evidence that these costs were ever paid. Also on December 10, Evers filed an answer, counterclaim and crossclaim. In the answer Evers denied venue was proper and in the counterclaim, Evers affirmatively alleged that Cobb County was not a proper venue and he subsequently filed a motion to dismiss on the basis of improper venue.

On February 4, 1991, the trial court entered an order denying Evers' motion to open the default, denying Evers' motion to dismiss and finding that Money Masters was entitled to a default judgment

against him. Subsequently, Money Masters dismissed defendant Duncan without prejudice. On February 18, after conducting a hearing on the issue of damages, the state court entered a default judgment against Brown and Evers.

1. In his first enumeration of error, Evers claims that the trial court erred in issuing a final judgment against the two nonresident defendants, when Duncan, the resident defendant, had not been served. Evers argues that there can be no final judgment in the case until all joint obligors are adjudicated liable.

First, we note that the alleged liability in this case was joint and several and that defendant Duncan was dismissed from the action prior to the entry of judgment. The trial court's conclusion that Evers and Brown were in default and its entry of final judgment against them was proper. *Fred Chenoweth Equip. Co. v. Oculus Corp.*, 254 Ga. 321 (328 SE2d 539) (1985). "The default judgment merely determined that [Evers] failed to follow the procedural requirement that a timely answer be filed. The consequence of this failure was that judgment was entered against [Evers]." *Chenoweth*, supra at 323.

2. Evers contends that the court erred in denying his motion to open default and by failing to find that a proper case had been made for the default to be opened under OCGA § 9-11-55 (b). This contention is without merit.

Evers moved to open the default more than four months after the deadline for filing the answer had passed. He made no showing under oath as required by § 9-11-55 in connection therewith and simply offered to pay court costs. The trial court concluded that the motion was not filed in a timely manner and refused to open the default. See *Stinson v. Dept. of Human Resources Credit Union*, 171 Ga. App 303, 305 (5) (319 SE2d 508) (1984). "Upon review of the circumstances, we cannot conclude as a matter of law the court's denial of the request to open the default was a manifest abuse of discretion." (Quotations and citations omitted.) *Womack Indus. v. Tifton-Tift County &c.*, 199 Ga. App. 237, 239 (2) (404 SE2d 618) (1991).

3. In a separate enumeration of error, Evers claims that the trial court erred in determining that venue was proper. He contends that the sole connection to Cobb County was defendant Duncan and that venue became improper in her absence. Further, Evers claims that venue was proper only in DeKalb County which was the county in which the closing on the sale occurred. He claims that he did not waive the venue defense since until Duncan was dismissed, venue was proper and became improper only after defendant Duncan was dismissed.

Pretermitting the question of whether Evers waived the venue argument, see generally *Hazzard v. Phillips*, 249 Ga. 24 (1) (287 SE2d 191, 193) (1982), we find this enumeration without merit. Evers' basic

assumption that Duncan's residence in Cobb County justified the forum choice is misplaced, since it is the venue provisions of the Long Arm Statute which control here. Despite the joint obligor provisions of the Georgia Constitution, in cases involving defendants who are nonresidents, "venue against the nonresident individual is proper only where authorized by the Long Arm Statute." *Goodman v. Vilston, Inc.*, 197 Ga. App. 718, 721 (399 SE2d 241) (1990). "When jurisdiction is obtained under the Long Arm Statute, venue is proper 'in any county wherein the business was transacted, the act or omission occurred, or the real property is located.' " Id. at 719; OCGA § 9-10-93; see also *Bergen v. Martindale-Hubbell, Inc.*, 245 Ga. 742 (267 SE2d 10) (1980).

Despite Evers' contentions that the only connection with Cobb County was Duncan's residence, the record establishes otherwise. Express Nurses was located in Cobb County and the sales contract provided that all notices to the sellers were to be sent to a Cobb County address. Evers filed his lawsuit in Cobb County and the undenied allegations of the complaint establish that Duncan and Brown presented the checks from Evers to Money Masters in Cobb County.

We recognize that potential problems in the determination of venue may arise where "the transaction occurred in more than one county, or the act or omission was set in motion in one county, furthered by acts in a second county, and injury results in a third county. As long as there is evidence that a significant part of the occurrence giving rise to jurisdiction took place in a county the statutory requirement is met even though there may be also other counties where other significant conduct transpired." Davis & Shulman, Georgia Practice & Procedure, 6th ed., § 5-10 at 121.

4. Evers alleges in his fourth enumeration that the trial court erred in refusing to certify the judgment against him and Brown under OCGA § 9-11-54 (b) for appeal to this court. Given that defendant Duncan had been dismissed from the action and there were no claims pending below, this enumeration is without merit. See generally *Cherry v. Hersch*, 193 Ga. App. 471 (388 SE2d 64) (1989).

5. Finally, Evers claims that the decision of the state court was manifestly unjust. For the reasons set forth above, this enumeration is without merit.

Money Masters' motion for sanctions is denied.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 12, 1992 —
RECONSIDERATION DENIED MARCH 25, 1992.

*Gary R. Pelphrey,* for appellant.

*Campbell & Dreger, Richard J. Dreger,* for appellee.