A91A1790. NORMAN et al. v. FARM FANS, INC. et al.
(416 SE2d 374)

CARLEY, Presiding Judge.

Appellant-plaintiffs brought suit and, in their answers, appellee-defendants raised, among their other defenses, res judicata. Subsequently, appellees moved for summary judgment based upon their res judicata defense. The trial court granted summary judgment in appellees' favor and appellants appeal from that order of the trial court.

1. The facts, insofar as they are relevant, are as follows: Appellees Sindlinger and Nichols each owned a one-half interest in appellee

Farm Fans, Inc. and a one-third interest in appellee Southern Agri. Appellants not only owned the remaining one-third interest in Southern Agri, they were also corporate officers and employees. In addition, appellants owned their own grain business.

The res judicata defense asserted in the instant case was based, in part, upon a previous lawsuit that Southern Agri had brought against appellants. In that previous action, Southern Agri had alleged a breach of appellants' fiduciary duties and appellants had counterclaimed against Southern Agri for much of the same relief sought by them in the instant action. The final judgment in this previous action had not been appealed.

The claims that are asserted by appellants against Southern Agri in the instant action which concern the same subject matter as the claims that were asserted by them in their previous counterclaim against Southern Agri would be barred by res judicata. "[O]ne must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40." (Emphasis in original.) *Lawson v. Watkins*, 261 Ga. 147, 149 (2) (401 SE2d 719) (1991). Most of the claims that appellants assert in their instant action are identical to those that they asserted in their previous counterclaim. Those claims relate to appellants' employment with Southern Agri and to their grain business. Obviously, those identical claims are barred by res judicata. Such of appellants' instant claims as are not otherwise identical to those asserted in their previous counterclaim nevertheless clearly concern the same subject matter of their employment and their grain business. It follows that the trial court correctly granted summary judgment in favor of Southern Agri. *Brinson v. First Am. Bank of Ga.*, 200 Ga. App. 552, 555 (2) (409 SE2d 50) (1991); *Winters v. Pund*, 179 Ga. App. 349, 353 (346 SE2d 124) (1986).

A contrary result is not mandated by the fact that, in the prior action, although appellants had attempted to amend their counterclaim to allege all the claims that they assert in the instant action, that attempt had been disallowed as untimely. All we hold is that appellant *could and should* have raised all their claims relating to the subject matter of their employment and grain business in their prior counterclaim against Southern Agri. Whether appellants were erroneously precluded from doing so through amendment of their prior counterclaim is an issue which could and should have been raised by an appeal from the judgment entered in the former action. *Halkirk Cos. Corp. v. Dirt Busters*, 190 Ga. App. 460, 461 (2) (379 SE2d 173) (1989). Regardless of the validity of the unappealed ruling that appellants' attempt to amend their prior counterclaim was not timely, it is otherwise clear that their attempt to assert those claims in the instant

action is barred by res judicata.

2. The claims that appellants could and should have asserted in their prior counterclaim are such that, pursuant to OCGA § 9-11-13 (h), the presence of Farm Fans, Sindlinger and Nichols was required for the granting of complete relief in the determination of that prior counterclaim. *Usher v. Johnson*, 157 Ga. App. 420, 423 (278 SE2d 70) (1981); *Stein v. Burgamy*, 150 Ga. App. 860 (3) (258 SE2d 684) (1979); *Co-op Mtg. &c. Assoc. v. Pendley*, 134 Ga. App. 236 (1) (214 SE2d 572) (1975). Compare *McCabe v. Lundell*, 199 Ga. App. 639, 640 (2) (405 SE2d 693) (1991). Accordingly, the trial court likewise correctly granted summary judgment in their favor based upon the res judicata defense. *Usher v. Johnson*, supra at 423. See also *Winters v. Pund*, supra at 354.

*Judgments affirmed. Sognier, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1992.

*Kirbo & McCalley, Thomas L. Kirbo III, Jon V. Forehand*, for appellants.

*Whelchel, Whelchel & Carlton, Hoyt H. Whelchel, Jr., Perry, Walters & Lippitt, Jesse W. Walters*, for appellees.