A98A1688. COOPER et al. v. EDWARDS et al.
(508 SE2d 708)

Judge Harold R. Banke.

Jean Stanley Edwards on her own behalf and as executor of the estate of Buford O. Edwards, Sr. (collectively "Edwards") brought a personal injury action against Anthony Lamont Cooper, Darrell Denson, and Canal Insurance Company.[1] Edwards sought to recover for damages stemming from a collision occurring in Laurens County involving a tractor trailer truck owned by Denson and operated by Cooper. Denson conducted business as Denson Trucking Company and had not incorporated. Following a jury verdict for Edwards, Cooper and Denson appeal. *Held*:

In their sole enumeration of error, Denson and Cooper assert

---

[1] The trial court agreed to permit Canal Insurance Company to be stricken from the case as a party defendant.

that the trial court erred in denying the motion to transfer the case to Evans County because venue in Laurens County was improper.

At the time of the collision, Denson resided with his wife in Claxton in Evans County. But when Edwards filed suit nearly two years later, Denson no longer lived in Georgia having been incarcerated in a federal correctional facility in South Carolina to serve a sentence in excess of 18 years on federal drug convictions. Denson will not be eligible for parole until August 2013. Subsequent to his imprisonment, Denson sold his mobile home in Evans County and his wife moved to another county. See *Lance v. Safwat*, 170 Ga. App. 694 (1) (318 SE2d 86) (1984) (neither domicile nor residence of one spouse is presumed to be that of the other).

Relying on his stated intent to return to Evans County in 2013 after he is paroled, and on his avowed denial that he is a resident of South Carolina or domiciled there, Denson contends that venue was only proper in Evans County. Similarly, Cooper claims that venue was improper in Laurens County because he was not a resident of that county. It is uncontested that the incident at issue occurred in Laurens County.[2]

Where, as here, the trial court serves as the trier of fact on the issue of venue, its decision will only be reversed if the evidence demands a contrary finding. *Johnson v. Woodard*, 208 Ga. App. 41, 42 (1) (429 SE2d 701) (1993); *McClendon v. Albany Warehouse Co.*, 203 Ga. App. 865, 866 (1) (418 SE2d 130) (1992).

Pretermitting any determination as to whether the truck was carrying exempt commodities and therefore was not subject to OCGA § 46-7-17 (b), we find, as did the trial court, that the provisions of the Georgia Long Arm Statute control.[3]

Denson argues that notwithstanding the undisputed fact that he cannot live in Evans County until at least 2013, he continues to "reside" in Evans County because he did not intentionally change his residence or domicile from there. He claims that because he continues to reside in Evans County, suit against him was only proper there and the Long Arm Statute had no application. We disagree.

In 1977, the legislature expanded the definition of "nonresident" to include "an individual . . . who, at the time a claim or cause of action [arose] under Code Section 9-10-91, was residing [or] domiciled . . . in this state and subsequently becomes a resident [or] domiciled . . . outside this state as of the date of perfection of service of

---

[2] When Edwards filed the complaint, Cooper was incarcerated in a State prison.

[3] In its motion to be dropped as a party, Canal Insurance Company claimed that no policy of insurance had been filed with the Public Service Commission and that Denson was an "exempt" carrier within the meaning of the Motor Carrier Act. Denson admitted that he hauled loads throughout the Southeast.

process as provided by Code Section 9-10-94." OCGA § 9-10-90. (Ga. L. 1977, p. 587, § 1.) See *Rose v. Ryan*, 209 Ga. App. 160, 161 (2) (433 SE2d 291) (1993). In redefining "nonresident" within the context of the Long Arm Statute, the legislature did so in the disjunctive so that either a change in residence or change in domicile would suffice to make a person a nonresident. Notwithstanding Denson's claim that a person must both intend to and actually establish a residence outside of Georgia to become a "nonresident," no such requirements appear in the statute at issue. Nor can we rewrite this law under the guise of construing it. *Tharpe v. State*, 207 Ga. App. 900 (1) (429 SE2d 342) (1993).

Although we have found no cases specifically interpreting "residence" and "domicile" under the Long Arm Statute, we have analyzed those terms in other contexts. We have held that a concurrence of actual residence and intent to remain is necessary to acquire a domicile. *Wright v. Goss*, 229 Ga. App. 393, 396 (2) (494 SE2d 23) (1997). In contrast, a person may have several residences which are not necessarily permanent or in the same locale as the domicile. Id. It follows that regardless of whether Denson's domicile remains in Evans County, he is currently a South Carolina resident. As such, he is subject to our Long Arm Statute. Otherwise, any former Georgia resident incarcerated in another state could avoid being deemed a "nonresident" for purposes of long arm jurisdiction by declaring his firm intent to return to Georgia someday, and, thereby, circumvent the jurisdiction and venue provisions of the Long Arm Statute. See *Crowder v. Ginn*, 248 Ga. 824, 825 (286 SE2d 706) (1982) (definition of "nonresident" in Long Arm Statute does not offend due process clauses of state and federal constitutions). Surely, this was not the legislature's plan when enacting OCGA § 9-10-90.

Denson's reliance on cases decided before the 1977 amendment to the definition of "nonresident" or on other statutory or constitutional venue provisions is misguided. Compare *Williams v. Dept. of Human Resources*, 150 Ga. App. 610 (1) (258 SE2d 288) (1979) (for purposes of juvenile court's jurisdiction in parental rights termination case, the county of incarceration does not become parent's county of residence). Compare *Sorrells v. Sorrells*, 247 Ga. 9, 12 (3) (274 SE2d 314) (1981) (probate court can consider whether person lacked mental capacity to acquire new domicile of choice); *Scott v. Scott*, 192 Ga. 370 (3) (15 SE2d 416) (1941) (involuntary confinement in another county not a voluntary change in county of domicile).

In these circumstances, we find that Denson was a "nonresident" within the meaning of the Long Arm Statute. Because the tortious acts or omissions occurred in Laurens County, venue was proper there. *Evers v. Money Masters*, 203 Ga. App. 546, 548 (3) (417 SE2d 160) (1992); OCGA § 9-10-93.

For a different reason, we likewise affirm the trial court's venue ruling as to Cooper. One claiming lack of venue has the burden of proving it. *Lukas v. Pittman Hwy. Contracting Co.*, 134 Ga. App. 305, 309 (1) (b) (214 SE2d 398) (1975). Yet, in support of the motion to transfer, Cooper failed to offer any competent evidence of his residence. *Franek v. Ray*, 239 Ga. 282, 286 (236 SE2d 629) (1977) (defendant's county of residence as of the date of filing generally determines the appropriate venue). But see *Bergen v. Martindale-Hubbell*, 245 Ga. 742, 743 (2) (267 SE2d 10) (1980).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 30, 1998.

*McNatt, Greene & Thompson, Hugh B. McNatt, Troy L. Greene,* for appellants.

*Chambless, Higdon & Carson, Marc T. Treadwell, Billy R. Kight,* for appellees.